# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, by and through his Father and natural guardian, PARENT 1, *et. al.* | : | |
| | : | |
| | : | **CASE:** |
| **Plaintiffs,** | : | |
| | : | **JUDGE:** |
| v. | : | |
| | : | |
| REYNOLDSBURG CITY SCHOOL DISTRICT BOARD OF EDUCATION, *et. al.* | : | |
| | : | |
| **Defendants.** | : | |

---

## PLAINTIFFS' MOTION TO
## PROCEED UNDER PSEUDONYMS

---

Now come Plaintiffs, John Doe, Parent 1 and Parent 2, by and through undersigned counsel, and hereby move this Court for an Order permitting them to proceed using the pseudonyms referenced above. A Memorandum in Support of this Motion is attached hereto.

Respectfully Submitted,

*/s/ Ruth Pack-Adler*
Mark. A. Weiker (0086413)
Ruth Pack-Adler (0067446)
ABDNOUR WEIKER, L.L.P.
262 S. Third Street
Columbus, Ohio 43215
Tel: 614/745.2001
Fax: 614/417.5081
E: mark@education-rights.com
E: ruth@education-rights.com

<u>**MEMORANDUM IN SUPPORT**</u>

Plaintiffs John Doe, Parent 1 and Parent 2 file this Motion for Permission to Proceed Under Pseudonyms in the Complaint and all other filings in this case to maintain the privacy and reputational interest of John Doe and Parents as they pursue the claims against the Reynoldsburg City School District Board of Education (the "BOE") and others for their violations of Plaintiffs' privacy and civil rights, and other claims.

Plaintiffs' claims each arise out of the disappearance of John Doe, a minor student and then-preschooler while he attended a school operated by the BOE. This litigation involves sensitive personal matters, and if John Doe or his parents are forced to reveal their identities in the Complaint or other public filings, John Doe will most likely suffer further humiliation, ridicule, and trauma. Defendants are fully aware of the actual identity of Plaintiffs and will not be prejudiced by the use of pseudonyms for filings in this case.

I.     **RELEVANT FACTUAL BACKGROUND**

Plaintiffs' Complaint sets forth all relevant facts underlying the claims in this case. However, in brief, John Doe's whereabouts were unknown for up to six hours on February 16, 2023, after his mother put him on Defendant's school bus and he was strapped into his harness. John Doe is a non-verbal special needs child who suffers from autism. School records indicate John Doe never arrived at school that day, and Parents were unaware of his absence from school, until he failed to come home at the usual time that afternoon. Instead, John Doe arrived on a bus he was not assigned to, nearly an hour and a half after his scheduled return home.

## II.   LAW AND ARGUMENT

### A.   The law protects the identity of students in claims against schools.

Generally, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, the Sixth Circuit has held that a plaintiff may be excused from this requirement when his or her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (affirming district court's protective order allowing plaintiffs to proceed pseudonymously). The Sixth Circuit has identified the following factors which courts should consider in making this determination:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
>
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";
>
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). A court may also consider whether permitting anonymity will force a defendant to proceed with insufficient information to defend against the plaintiff's claims. *See id.* at 561 (holding that the district court did not abuse its discretion in allowing the plaintiff to proceed pseudonymously because defendants were not hindered in preparation of trial).

Courts have not implemented a bright line test to determine the appropriateness of pseudonyms. Some courts have considered whether the plaintiff would risk injury if identified. *Doe v. City of Indianapolis*, No. 1:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind.). In *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 190 (2d Cir. 2008), the Second Circuit set forth another non-exhaustive list of factors to conduct this analysis:

(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent nonparties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by

(2) allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

(internal citations and quotations omitted.)

Courts have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests, like the ones in this matter. *See, e.g., Doe v. Von Eschenbach*, No. 062131, 2007 U.S. Dist. LEXIS 46310, at *4-5 (D.D.C. June 27, 2007)(noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with the "plaintiff's privacy rights")(citation omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'")(citation omitted); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195

(E.D.N.Y. 2006)("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").

**B.       The factors regarding pseudonym use weigh in favor of Plaintiffs.**

Plaintiff John Doe has a substantial privacy right that outweighs the public's interest in access to the identities of litigants and the customary presumption of openness in judicial proceedings. This case seeks redress not only for the actions taken against John Doe, but also for his parents, Parent 1 and Parent 2. While Parents do not have a compelling basis to proceed anonymously, revealing the name of Parents would necessarily reveal the identity of John Doe to the public because of the detailed facts included in the Complaint. Upon review of the Complaint, it is readily apparent that Plaintiffs' claims will involve revealing sensitive information about John Doe and what occurred at school. Defendants' acts and omissions led to consequences for John Doe, affecting his mental health as well as his school attendance and his family life.

Courts should also consider whether parties are children when determining whether the use of pseudonyms is warranted. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). John Doe is a minor victim and was a minor when the alleged events occured. As such, this factor weighs in favor of the use of pseudonyms. See *S.C. v. Metropolitan Govt. of Nashville & Davidson Cnty.*, 579 F.Supp.3d 999 (M.D. Tenn. 2022) (Despite reaching age of majority, plaintiff was permitted to proceed under a pseudonym in suit against former school district for response to misconduct that occurred when she was a minor).

Further, there is no risk of prejudice to Defendants, as they know the true identity of Plaintiffs. Moreover, all the parties' filings in this case will be publicly available. Only Plaintiffs' names will be shielded from public disclosure. Although the public has a legitimate interest in the legal issues arising out of the Complaint, the actual identities of the individual victim and his

parents is of minimal importance to the public. In the age of the Internet, Plaintiffs' names would forever be associated with Defendants and the act in question, regardless of the ultimate outcome of this lawsuit. As a victim, John Doe's identity deserves to be protected, especially considering the nature of the allegations and the ease in which information may be spread across the Internet.

Finally, there is no alternative mechanism outside of the Court's permission to proceed anonymously to protect Plaintiff John Doe and his parents. Maintaining the anonymity of all Plaintiffs is imperative to maintaining the anonymity of John Doe. Courts have determined that there is substantial public interest in ensuring that cases involving important issues like those in this case are adjudicated without the risk of stigmatization.

## III.    CONCLUSION

In order to pursue their claims, it is imperative that Plaintiffs John Doe and his parents are able to maintain their anonymity, purely for the welfare of John Doe. One of the primary factors in filing this lawsuit is to ensure that Plaintiffs can seek justice, while not subjecting John Doe to ridicule and reputational harm. Plaintiffs respectfully request that this Court grant this Motion to allow John Doe, Parent 1 and Parent 2 to proceed anonymously.

Respectfully submitted,

*/s/ Ruth Pack-Adler*
Mark. A. Weiker (0086413)
Ruth Pack-Adler (0067446)
ABDNOUR WEIKER, L.L.P.
262 S. Third Street
Columbus, Ohio 43215
Tel: 614.745.2001
Fax: 614.417.5081
E: mark@education-rights.com
E: ruth@education-rights.com
*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing was filed *via* ECF on the 12th day of February, 2025 and served upon all parties listed below, along with the Complaint:

**Reynoldsburg City School District Board of Education**
Attn: Treasurer
7244 East Main Street
Reynoldsburg, Ohio 43068

**Greg Pollock**
7244 East Main Street
Reynoldsburg, Ohio 43068

**Counsel of Record:**
Bartholemew Freeze
Freund, Freeze & Arnold
88 East Broad Street, Suite 875
Columbus, Ohio 43215
bfreeze@ffalaw.com

*/s/ Ruth Pack-Adler*
Ruth Pack-Adler (0067446)