UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE,**
*et al.,*

        **Plaintiffs,**

    v.

**REYNOLDSBURG CITY SCHOOL
DISTRICT BOARD OF EDUCATION,** *et al.***,**

        **Defendants.**

Civil Action 2:25-cv-138
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## ORDER

For good cause shown, Plaintiffs' motion to proceed under pseudonyms is **GRANTED**. (ECF No. 2.)

Briefly, according to the Amended Complaint,[1] John Doe is a non-verbal special needs child who suffers from autism. On February 16, 2023, after his mother put him on the school bus and he was strapped into his harness, he never arrived at school. His parents, both of whom are non-native English speakers,[2] were unaware of his absence from school until he failed to come home at the usual time that afternoon. Nearly an hour and a half after his scheduled return home, he arrived home on a bus to which he was not typically assigned.

Named as Defendants are the Reynoldsburg City School District; the Reynoldsburg City School District Board of Education; Superintendent Tracey Reed; Executive Director of

---

[1] Plaintiffs filed an Amended Complaint on May 1, 2025, in response to a Motion to Dismiss filed by Greg Pollock and the Reynoldsburg City School District Board of Education. (ECF Nos. 5, 8.)

[2] The Amended Complaint explains in further detail that both parents are native Nepali speakers. Parent 1 has limited English proficiency and Parent 2 cannot speak or understand English. (ECF No. 8 at § 4.)

1

Business Greg Pollock, and Director of Transportation Jacob Wilhite.  Defendants Reed, Pollock and Wilhite are named in both their individual and official capacities.  Plaintiffs bring claims under Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d, *et seq*.; 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*.; and Ohio law.

This Court has discretion to permit a plaintiff to proceed under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  In determining whether a party ought to be permitted to proceed under a pseudonym, courts should balance the following factors:

> (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child.

*Doe v. Ronan*, No. 1:09-CV-243, 2009 WL 10679478, at *1 (S.D. Ohio June 4, 2009) (citing *Porter*, 370 F.3d at 560).  A "court may exercise its discretion to consider other factors that may be relevant in a particular case…." *Doe v. Fedex Ground Package Sys., Inc.,* No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021).  Indeed, courts may "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Doe v. Webster Cnty*., No. 4:21-CV-00093-JHM, 2022 WL 124678, at *2 (W.D. Ky. Jan. 12, 2022) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)); *see also Ronan, supra (*finding consideration of this factor to be relevant).  Further considerations include "whether the plaintiff will suffer harm if [she] is identified. *Doe v. Whitmer*, No. 1:19-CV-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019), *report and recommendation adopted,* No. 1:19-CV-422, 2019 WL 4643706 (W.D. Mich. Sept. 24, 2019).  No one factor is dispositive.  *Id*. (citing *Doe v. University of Pittsburgh*, 2018

WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018)).  In considering the various relevant factors, the guiding principle is whether "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings."  *Porter,* at 560.  The Court will address the factors relevant here in turn.

The first *Porter* factor weighs in favor of anonymity in this case.  The essence of Plaintiffs' claims here is that the Reynoldsburg School Defendants endangered John Doe's safety by leaving him unattended on a school bus for some period of time, failed to investigate his whereabouts while he was unaccounted for, misled his parents about whether an investigation was conducted, and covered up that the matter was never investigated.  Courts frequently grant protective orders to minors who challenge governmental conduct.  *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) (citing *K.G. v. Bd. of Educ. of Woodford Cnty., Ky.*, No. 5:18-cv-555, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019)).

The second and fourth factors are also satisfied.  With respect to the second factor, public revelation of Plaintiffs' identities may invite harm to John Doe or his family.  As for the fourth factor, courts routinely allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity.  *B.H. v. Ohio Dep't of Educ. & Workforce*, No. 2:24-CV-3966, 2024 WL 4284255, at *2 (S.D. Ohio Sept. 25, 2024) (citing *Doe,* 518 F. Supp. 3d 1024, 1027; *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity.")); *see also* Fed.R. Civ. P. 5.2(a)(3).

Beyond this, there is no risk of prejudice to Defendants.  *Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) (citing *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 WL 6882601, at *6

3

(S.D. Ohio Nov. 24, 2020)).  Plaintiffs explain that Defendants know the Plaintiffs' true identities and all the parties' filings will be publicly available

Under these circumstances, the Court finds compelling reasons to protect Plaintiffs' privacy.  Accordingly, Plaintiffs may proceed in this action with the use of the pseudonyms John Doe, Parent 1 and Parent 2 in place of their true identities.  Plaintiffs, however, must file with the Court *ex parte* and under seal a Complaint bearing their names **WITHIN FOURTEEN DAYS**.  Defendants may not disclose Plaintiffs' identities or identifying information.  Identifying information contained within a Court filing must be redacted, and the filing party must contemporaneously file an unredacted copy *ex parte* and under seal.

**IT IS SO ORDERED**.


Date: May 6, 2025                                      /s/ *Elizabeth A. Preston Deavers*
                                                       ELIZABETH A. PRESTON DEAVERS
                                                       UNITED STATES MAGISTRATE JUDGE